FILED
United States Court of Appeals
Tenth Circuit

January 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MATTHEW JOHNSON,

　　　　Petitioner-Appellant,

v.

MICKEY LILES, Sued as:
Warden Lyles; RON WARD,

　　　　Respondents-Appellees.

No. 08-5035
(D.C. No. 4:03-CV-00060-JHP-SAJ)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

　　　　Matthew Johnson seeks leave to appeal from the district court's denial of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  In order for his appeal

to proceed, we must first grant him a certificate of appealability (COA).

28 U.S.C. § 2253(c)(1)(A).  A COA will issue only if he has "made a substantial

showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  We conclude

that he has failed to make such a showing.  We therefore deny him a COA and

dismiss this appeal.

　　　　A state court jury convicted Mr. Johnson of one count of first degree felony

murder and six counts of robbery with a firearm.  He was sentenced to life

imprisonment on the first degree murder count and to twenty years' incarceration on each of the robbery counts. The trial court ordered that these sentences be served consecutively.

On appeal to the Oklahoma Court of Criminal Appeals (OCCA), Mr. Johnson raised four issues. He contended that: the trial court committed reversible error by failing to suppress evidence resulting from his arrest by Tulsa police officers acting outside their jurisdiction; the State's failure to disclose a pending felony charge against a key eyewitness and its delay of that eyewitness's trial pending her testimony against Mr. Johnson deprived him of a fair trial; his sentence was excessive and disproportionate to that received by the victim's actual killer; and the trial court committed reversible error by instructing the jury that it must acquit him of first degree murder before considering a conviction for second degree murder. The OCCA considered and rejected each of these propositions of error.

Mr. Johnson then filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. In his petition he raised essentially the same issues that he had previously presented to the OCCA. The district court denied the petition, reasoning as follows:

(1) that Mr. Johnson's claim concerning the legality of his arrest and the admissibility of the evidence seized as a result was barred in federal habeas proceedings by *Stone v. Powell*, 428 U.S. 465, 494 (1976);

-2-

(2) that he failed to demonstrate the existence of a reasonable probability that the state's failure to timely produce the evidence of a pending felony charge against its eyewitness as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), had resulted in a verdict unworthy of confidence, in light of all the evidence, including his own confession;

(3) that he failed to show a federal constitutional error in the length of his sentence; and

(4) that he failed to demonstrate that the allegedly erroneous jury instruction made his trial fundamentally unfair or that the OCCA's determination upholding the instruction was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" at trial. 28 U.S.C. § 2254(d)(1), (2).

We have carefully reviewed the record, including the state court record of Mr. Johnson's suppression motions, his trial, the evidentiary hearing on his new trial motion, and his sentencing. We have also studied Mr. Johnson's brief filed in this court and his motion for a COA and the applicable law. We now deny him a COA for substantially the same reasons articulated in the district court's order denying a COA of March 13, 2008, and its opinion and order denying habeas relief of February 19, 2008.

Mr. Johnson's application for a COA is DENIED and this appeal is

DISMISSED.

Entered for the Court


David M. Ebel
Circuit Judge